

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281-1022

March 14, 2014

*Via ECF*
The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 1506
New York, NY 10007

   Re:  *SEC v. Sheinwald,* 12-CV-5811 (S.D.N.Y.) (RA) (HBP)

Dear Judge Abrams:

   The Securities and Exchange Commission has authorized a settlement with defendants Alan Sheinwald and Alliance Advisors LLC, subject to the Court's approval.  We are attaching to this letter the proposed Final Judgment together with an executed consent to the entry of the proposed Final Judgment.  The parties have submitted the proposed Final Judgment to the Orders and Judgments Clerk.  The parties respectfully request that the Court enter the proposed Final Judgment.

          Respectfully submitted,

   /s/ Paul Gizzi       /s/ Ernest Badway
_____  _____
Paul G. Gizzi, Esq.       Ernest E. Badway, Esq.
Osman E. Nawaz, Esq. (*admitted pro hac vice*)  Daniel A. Schnapp, Esq.
*Counsel for Plaintiff*       *Counsel for Defendants*
*Securities and Exchange Commission*  *Alan Sheinwald and Alliance Advisors LLC*

cc:  *Via Fax w/o Encl.*
   The Honorable Henry Pitman
   United States Magistrate Judge
   Daniel Patrick Moynihan
   United States Courthouse
   500 Pearl Street
   New York, NY 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ALAN SHEINWALD, and ALLIANCE
ADVISORS LLC,

Defendants.

No. 12-Civ-5811 (RA)

## FINAL JUDGMENT AS TO DEFENDANTS
## ALAN SHEINWALD AND ALLIANCE ADVISORS LLC

The Securities and Exchange Commission having filed a Complaint and Defendants Alan

Sheinwald and Alliance Advisors LLC ("Defendants") having entered a general appearance;

consented to the Court's jurisdiction over Defendants and the subject matter of this action;

consented to entry of this Final Judgment without admitting or denying the allegations of the

Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV);

waived findings of fact and conclusions of law; and waived any right to appeal from this Final

Judgment:

### I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active

concert or participation with Defendants who receive actual notice of this Final Judgment by

personal service or otherwise are permanently restrained and enjoined from violating, directly or

indirectly, Section 15(a) of the Securities Exchange Act of 1934 [15 U.S.C. § 78o(a)] to make

use of the mails or any means or instrumentality of interstate commerce to effect transactions in,
or to induce or attempt to induce the purchase or sale of, any security unless such broker or
dealer is registered with the Commission as such or associated with an entity registered with the
Commission as a broker or dealer.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
Defendants are liable on a joint and several basis for disgorgement of $177,166, representing
profits gained as a result of the conduct alleged in the Complaint, together with prejudgment
interest thereon in the amount of $18,022, for a total of $195,188.  Defendant Alliance Advisors
LLC is liable for civil penalties in the amount of $25,000 pursuant to Section 21(d)(3) of the
Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant Alan Sheinwald is liable for civil penalties in
the amount of $25,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

The Commission shall have judgment against Defendants in the total amount of
$245,188.  The Commission may enforce the judgment at any time after 14 days following entry
of the Final Judgment and may take any and all actions allowed by law to enforce and collect the
judgment.  Defendant shall be liable for post judgment interest pursuant to 28 U.S.C. § 1961.

Defendants may transmit payment electronically to the Commission, which will provide
detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly
from a bank account via Pay.gov through the SEC website at
http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank
cashier's check, or United States postal money order payable to the Securities and Exchange
Commission, which shall be delivered or mailed to

2

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Alan Sheinwald and Alliance Advisors LLC as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants. The Commission shall send any funds paid pursuant to this Final Judgment to the United States Treasury.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendants' Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the

3

federal securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## CONSENT OF DEFENDANTS ALAN SHEINWALD AND ALLIANCE ADVISORS LLC

1.     Defendants waive service of a summons and the complaint, and further acknowledge having already waived service of the complaint in this action, enter a general appearance, and admit the Court's jurisdiction over Defendants and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendants admit), Defendants hereby consent to the entry of the final judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

> (a) permanently restrains and enjoins Defendants from violation of Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)]; and
>
> (b) orders Defendants, on a joint and several basis, to pay disgorgement in the amount of $177,166, plus prejudgment interest thereon in the amount of $18,022. Each Defendant is ordered to separately pay civil penalties in the amount of $25,000 under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3.     Defendants agree that they shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendants further

5

agree that they shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.      Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.      Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

7.      Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

9.      Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions.  Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims

6

asserted against Defendants in this civil proceeding. Defendants acknowledge that no promise or

representation has been made by the Commission or any member, officer, employee, agent, or

representative of the Commission with regard to any criminal liability that may have arisen or

may arise from the facts underlying this action or immunity from any such criminal liability.

Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding,

including the imposition of any remedy or civil penalty herein. Defendants further acknowledge

that the Court's entry of a permanent injunction may have collateral consequences under federal

or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

other regulatory organizations. Such collateral consequences include, but are not limited to, a

statutory disqualification with respect to membership or participation in, or association with a

member of, a self-regulatory organization. This statutory disqualification has consequences that

are separate from any sanction imposed in an administrative proceeding. In addition, in any

disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendants understand that they shall not be permitted to contest the factual allegations

of the complaint in this action.

11.     Defendants understand and agree to comply with the terms of 17 C.F.R.

§ 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant

or respondent to consent to a judgment or order that imposes a sanction while denying the

allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is

equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies

the allegations." As part of Defendants' agreement to comply with the terms of Section 202.5(e),

Defendants: (i) will not take any action or make or permit to be made any public statement

denying, directly or indirectly, any allegation in the complaint or creating the impression that the

7

complaint is without factual basis; (ii) will not make or permit to be made any public statement

to the effect that Defendants do not admit the allegations of the complaint, or that this Consent

contains no admission of the allegations, without also stating that Defendants do not deny the

allegations; (iii) upon the filing of this Consent, Defendants hereby withdraw any papers filed in

this action to the extent that they deny any allegation in the complaint; and (iv) stipulate solely

for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11

U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under the

Final Judgment or any other judgment, order, consent order, decree, or settlement agreement

entered in connection with this proceeding, is a debt for the violation by Defendants of the

federal securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Defendants breach this

agreement, the Commission may petition the Court to vacate the Final Judgment and restore this

action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial

obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings

in which the Commission is not a party.

      12.    Defendants hereby waive any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendants to defend against this action. For these purposes,

Defendants agree that Defendants are not the prevailing party in this action since the parties have

reached a good faith settlement.

8

13.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendants (i) agree to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoint Defendants' undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waive the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendants' travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consent to personal jurisdiction over Defendants in any United States District Court for purposes of enforcing any such subpoena.

14.     Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.     Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: _Feb. 6, 2014_                         _Alan Shild_
                                                ALAN SHEINWALD

On _Feb. 6_____, 2014, Alan Sheinwald, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

9

ERNEST EDWARD BADWAY
NOTARY PUBLIC, State of New York
No. 02BA6136098
Qualified in New York County
Commission Expires ~~October 31, 2003~~

Notary Public                    *Feb. 24, 2014*
Commission expires:

Dated: *Feb 6, 2014*

                    *Alan Sheld*
                    _____
                    ALLIANCE ADVISORS LLC

                    By: *Alan Sheinwald.*
                    Title: *General Manager*
                    Address: *186 Mills Rd.*
                              *North Salem, NY 10560*

On *Feb 6,* ___, 2014, *Alan Sheinwald*, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Alliance Advisors LLC.

                    Notary Public
                    Commission expires:

                    ERNEST EDWARD BADWAY
                    NOTARY PUBLIC, State of New York
                    No. 02BA6136098
                    Qualified in New York County
                    Commission Expires ~~October 31, 2003~~
                    *Feb. 24, 2014*

*Approved as to form:*

Ernest E. Badway, Esq.
Daniel A. Schnapp, Esq.
Fox Rothschild LLP
100 Park Avenue, Suite 1500
New York, NY 10017
212-878-7900
ebadway@foxrothschild.com
dschnapp@foxrothschild.com
*Attorneys for Defendants Alan Sheinwald and Alliance Advisors LLC*

SO ORDERED:
Dated _____, 2014

                    _____
                    United States District Judge

10